NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee for the Certificateholders of Banc of America Funding Corporation, Mortgage Pass-Through Certificates, Series 2005-B, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SFR INVESTMENTS POOL 1, LLC, <br><br> Defendant-Appellee. | No.   21-16566 <br><br> D.C. No. 2:20-cv-01277-GMN-VCF <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted April 11, 2024[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and MENDOZA and DE ALBA, Circuit Judges.

Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Banc of

America Funding Corporation, Mortgage Pass-Through Certificates, Series 2005-B

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("Wells Fargo"), appeals from the district court's order granting SFR Investment Pool 1, LLC's ("SFR") motion to dismiss. The district court granted the motion, concluding that the statute-of-limitations period began once the foreclosure sale occurred and that Wells Fargo's quiet-title claim was time barred. After Wells Fargo filed its appeal, the Nevada Supreme Court issued its opinion in *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 503 P.3d 299 (Nev. 2022) ("*Thunder Properties*"). We have jurisdiction under 28 U.S.C. § 1291; review statute-of-limitations dismissals de novo, *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993); vacate the district court's order; and remand this case for further proceedings consistent with *Thunder Properties*.

In *Thunder Properties*, the Nevada Supreme Court held that: (1) declaratory relief actions are not categorically exempt from statutes of limitations; (2) actions to determine the validity of a lien are subject to a four-year statute of limitations; and (3) the statute of limitations is not triggered until the titleholder affirmatively repudiates the lien, which does not necessarily happen at a foreclosure sale. 503 P.3d at 303–07. Relevant here, the court held that a "foreclosure sale, standing alone, is not sufficient to trigger" the statute-of-limitations period. *Id.* at 306.

The district court, which decided SFR's motion without the benefit of *Thunder Properties*, held that the statute of limitations period began after the foreclosure sale in 2012. Because this determination is inconsistent with the

Nevada Supreme Court's decision, we vacate the district court's September 13, 2021 order, and we remand for further proceedings consistent with *Thunder Properties*.

**VACATED and REMANDED**.